### BLUM v. STATE et.

Common Pleas Court, Hamilton County.

No. A-129731.   Decided April 1, 1952.

Hoover, Beall, Whitman & Eichel, Cincinnati, for plaintiff.
C. William O'Neill, Atty. Genl., Leon M. Render, Asst. Atty. Genl., Columbus, for Board of Review.

### OPINION

By BADER, J.

This case comes before this court on appeal from the de-

cision of the Board of Review of the Bureau of Unemployment Compensation.

Claimant, Andrew P. Blum, was employed by the Ohio River Company from 1944 to August 18, 1950, at which time he became temporarily unemployed because of the lack of work due to the scarcity of coal. Claimant operated certain machinery and his duties included the loading of trucks with coal from silos and keeping the ground free from loose coal. Complainant was a member of the United Mine Workers of America, Local No. 7702. The Masters and Pilots, persons who operated the towboats, were members of the Licensed River Officers Association. The two unions were independent of each other and neither had control over the other.

Sometime prior to August 18, 1950, the Masters and Pilots called a strike and thereafter during the strike no coal was transported to the docks. The supply of coal to be conveyed to the tipple became exhausted and the tipple operator had no work and he exercised his right of seniority under the union contract and on August 18, 1950, the tipple operator took over claimant's work and the latter was without employment.

The decision of the Board of Review affirmed the decision which disallowed the benefits for the following reasons:

1. Claimant lost his employment on August 18, 1950, by reason of a labor dispute (other than a lockout).

2. Claimant was not available for work as required by the laws of the State of Ohio.

Sec. 1345-6 subd. d GC, reads as follows:

"Notwithstanding the provisions of subsection (a) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual:

"(1) lost his employment or has left his employment by reason of a labor dispute (other than a lockout) at the factory, establishment, or other premises at which he was employed, as long as such labor dispute continues;

"(2) has refused to accept an offer of work for which he is reasonably fitted, or has refused to accept a referral to a job opportunity when directed to do so by a local employment office of this state or another state;"

There was sufficient work for the claimant for the duration of the labor dispute if he had not been relieved by reason of the right of seniority which was exercised and which threw him out of work. The claimant was ready and willing to work, but lost his position because of insufficient material to keep all of the employees engaged. He became separated from his employment through no condition of his own creation and

**32**

over which he had no control. It was not claimant's union which was on a strike or which caused the shortage in material and caused claimant to lose his work. Claimant's loss of employment was involuntary and he was not wilfully and purposely unemployed.

The court feels that it was not the intention of the Legislature to deny benefits under the provisions of the Unemployment Compensation Act under such circumstances as are presented in this case involving the strike of another union. See U. S. Coal Company v. Unemployment Compensation Board of Review, Ohio Com. Pl., 2 Ohio Supp. 9; also **Baker v. Powhatan Mining Co., 146 Oh St 600, 67 N. E. 2d 714.**

However, there is another ground which the Board of Review has given as a reason for refusing the benefits asked for, —the availability of the claimant for suitable work.

**Sec. 13456, subd. a(4) GC,** reads as follows:

"a. No individual shall be entitled to any benefits unless he or she

"(4) is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted;"

The claimant testified as follows:

"Q. What did you do on your own; did you try to get work during that period? A. I never did no work. I went up to camp for a little while.

"Q. Why? For what reason did you just go to camp, rather than look for other work? A. Well, a fellow has to have a little recreation—if you work all year round, why, I think you're entitled to have a little time off, a week or so, for yourself. I think you are.

"Q. I mean, were you just taking a vacation during that period, sir? A. Yes, just taking it easy, resting up."

The court feels that in order for a person to be entitled to unemployment benefits he must be available for work in his usual trade or occupation or in any other trade or occupation for which he is reasonably fitted.

When the claimant testified that he did not try to get work but went "to a camp"—"to have a little recreation"— "a little time off, a week or so"—he did not make himself available as is required by the statute and he is precluded from receiving any benefits which he otherwise would be entitled to if he had met the requirements of the statute.

Accordingly, the decision of the Board of Review is affirmed.