ALLEN, Employee-Appellant, v. YOUNGSTOWN MUNICIPAL RAILWAY CO., Employer-Appellee.

Common Pleas Court, Mahoning County.

No. 142443. Decided March 15, 1954.

Traxler & Beil, Youngstown, for appellant.
John Hardwick, Columbus, for appellee.

## OPINION

By FORD, J.

This case (with cases No. 142444 to No. 142481 inclusive) is before me on appeal by an employee of the Youngstown Mu-

nicipal Railway Co. from a decision of the Board of Review of the Bureau of Unemployment Compensation, disallowing benefits under the Unemployment Compensation law §4141.01 ff R. C., because of the provisions of §4141.29 (c) 2 R. C. denying benefits to an employee who "lost his employment . . . . by reason of a labor dispute . . . at the . . . establishment at which he was employed, as long as such labor dispute continues."

Appellant, employed as a garage machinist, was laid off for lack of work because of a strike by the company bus drivers who were members of a union other than that to which appellant belonged. The Board of Review found on the evidence the reason for appellant's unemployment was the bus drivers' strike. I can not say that this finding was against the manifest weight of the evidence. See §4141.28 R. C.

Was the decision unlawful in that the quoted section of the act does not apply to a non member of the striking union? The Bureau seems consistently to have taken the position that the law makes no distinction in this respect and that any employee losing his employment because of any labor dispute at the employer's establishment is not entitled to unemployment compensation. Counsel have advised that the position has recently been sustained by the Court of Appeals of Tuscarawas County, as well as the Common Pleas Court of Cuyahoga County. I have seen no report of these decisions.

On the other hand the Common Pleas Court of Hamilton County in **Blum v. State, 64 Abs 30** and the Court of Appeals of Mahoning County in Diaz v. Koppers Co., 1951 Mah. App. 177 take the opposite view. In the latter case, a motion to certify the record in the Supreme Court was dismissed by agreement. See 25 Ohio Bar 154.

In **Miller v. Bureau of Unemployment Compensation, 160 Oh St 561,** the Court of Appeals of Lucas County also took the opposite view and a review by the Supreme Court was denied on a jurisdictional ground.

Thus it appears that the question is still in process of settlement in the courts. As a matter of statutory language, it seems to me offhand that the Bureau's position is quite tenable. Since, however, the Court of Appeals of this County has held otherwise (though its opinion is not clear to me especially in its use of the phrase "only indirectly due to the strike") I feel it better to reverse the decision herein, expressing the hope that this case will be eventually reviewed by the Supreme Court on its merits and the question finally settled.

The decision of the Board of Review of the Bureau of Un-

490

employment Compensation will be reversed and final judgment will be entered for appellant at appellee's costs; and a similar entry will be made in each of cases No. 14244 to No. 142481 inclusive.