**ALLEN and Thirty Eight Other Employees of Youngstown Municipal Railway Company, Appellees, v. YOUNGSTOWN MUNICIPAL RAILWAY COMPANY, ADMINISTRATOR BUREAU OF UNEMPLOYMENT COMPENSATION and BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3665 to 3703, inclusive. Decided November 12, 1954.

Traxler & Beil, Youngstown, for appellees.

C. William O'Neill, Attorney General, and John W. Hardwick, Assistant Attorney General, Columbus, for Administrator, Bureau of Unemployment Compensation.

Harrington, Huxley & Smith, Youngstown, for Youngstown Municipal Railway Company.

## OPINION

PER CURIAM.

The thirty-nine claimants were employed by the Youngstown Municipal Railway Company, a concern which operates a bus transportation system in Youngstown. They were in the maintenance and repair departments at the main garage on Mahoning Avenue. They belonged to either of three different unions, A. F. of L. Teamsters, A. F. of L. Electrical Workers and International Association of Machinists.

On the morning of October 6, 1952, the bus operators who were members of the Amalgamated Association of Electric Street Railway and Motor Coach Union went on strike.

As soon as the strike was called the claimants were notified that

they would not be employed for the duration of the strike. No picket lines were set up and nothing was done to prevent the maintenance and repair crew from reporting for work, and the claimants each testified that there was sufficient work for them to do.

None of the claimants were members of the striking union.

After being released from their employment claimants filed application for the determination of benefits. The Administrator disallowed their claim for the reason that their unemployment was caused by a labor dispute in the Youngstown Municipal Railway Company where claimants were employed and disqualified them from benefits so long as the labor dispute continued.

The referee and the Board of Review sustained the administrator.

The common pleas court reversed the Board of Review.

The sole issue in this case arises out of the interpretation to be given to §4141.29 (C) (2) R. C. which in substance provides that no individual may be paid benefits for unemployment where such individual lost his employment or has left his employment by reason of a labor dispute as long as such labor dispute continues.

The only exception to this provision is in the case of a lockout. There is no evidence of a lockout in the instant case.

The claimants in this case became separated from their employment through no condition of their own making. They had no control over the action of the bus operators. It was not claimants' union which was on strike. Their loss of employment was involuntary.

Under the holding of **Blum v. State, 64 Abs 30,** and Diaz v Koppers Company, 1951 Mahoning Appeals 177, and Miller v. Bureau of Unemployment Compensation, Board of Review, decided by the Court of Appeals of the Sixth District, the common pleas court of Mahoning County was justified in deciding as it did in this case, and it was bound by this court's ruling in the Diaz case.

The precise question prescribed here has not as yet reached our Supreme Court.

The matter of statutory language makes it necessary to disaffirm and abandon the position previously taken by this court in the Diaz case.

The sole question for determination here is this: May employees who involuntarily lost their employment by reason of a labor dispute receive unemployment compensation? The law makes no difference between individuals who are actively on strike and those who innocently lose their work because of a strike. Both were disqualified.

It is therefore the conclusion of this court that the trial court erred prejudicially when it reversed the decision of the Administrator, the Referee and the Board of Review in this case as being unlawful, and that the claimants are not qualified for benefits under the plain language of §4141.29 (C) (2) R. C.

The judgment is reversed as contrary to law, and there being no dispute in the evidence this court will enter the final judgment of affirmance of the Board of Review which the trial court should have entered.

GRIFFITH, PJ, PHILLIPS, J, NICHOLS, J, concur.